STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**
December 2, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JOHN PITTMAN,**
**Claimant Below, Petitioner**

**vs.)    No. 13-1130** (BOR Appeal No. 2048328)
(Claim No. 2012019991)

**FOLA COAL COMPANY,**
**Employer Below, Respondent**

**and**

**GREENBRIER SMOKELESS COAL MINING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner John Pittman, by J. Robert Weaver, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Fola Coal Company, LLC, by Bradley A. Crouser, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 7, 2013, in which the Board reversed an April 24, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's March 1, 2012 decision rejecting Mr. Pittman's application for workers' compensation benefits. The Office of Judges held the claim compensable for osteoarthritis of the shoulder, acromioclavicular joint arthritis, and carpal tunnel syndrome of the right wrist. The Office of Judges also held that Fola Coal Company was the sole chargeable employer in this claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material mischaracterization of the evidentiary record. This case satisfies the "limited circumstances"

1

requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Pittman worked as a surface mine blaster for Fola Coal Company. He began working for Fola Coal Company on October 1, 1996. His job involved filling bore holes in the ground with explosives. In order to perform this job properly, he was required to test the depth of each bore hole with a weighted tape measure. Mr. Pittman primarily operated this weighted tape with his right arm. Mr. Pittman performed this job until he was laid off and began working for Greenbrier Smokeless Coal Mining, LLC, on August 2, 2011. Soon after he began working for Greenbrier Smokeless Coal Mining, he was treated by Karen Hultman, M.D., for right upper extremity pain. Mr. Pittman complained that this pain started ten years earlier. Mr. Pittman was then referred to Matthew Nelson, M.D., who diagnosed him with osteoarthritis of the shoulder, acromioclavicular joint arthritis, and carpal tunnel syndrome of the right wrist. Dr. Nelson also had an MRI taken of Mr. Pittman's right shoulder which revealed supraspinatus tendinitis and impingement related to osteophytes at the level of the acromioclavicular joint. On October 4, 2011, Dr. Nelson performed arthroscopic surgery on Mr. Pittman's right shoulder and carpal tunnel release surgery on his right wrist. Following the surgery, Mr. Pittman filed an application for workers' compensation benefits and listed Fola Coal Company as his employer. Dr. Nelson signed the physician's portion of the application, which included the diagnosis of osteoarthritis of the shoulder, acromioclavicular joint arthritis, and carpal tunnel syndrome. Dr. Nelson, however, indicated that the cause of these conditions was unknown. On March 1, 2012, the claims administrator rejected Mr. Pittman's application. Mr. Pittman then testified by deposition. He stated that he had first noticed the pain and numbness in his right arm and shoulder ten years prior to filing his application for workers' compensation benefits. He testified that he had been working for Fola Coal Company for three to four years when the pain and numbness first developed and it grew progressively worse over time. Mr. Pittman also testified that his work at Fola Coal Company required him to continuously bob a weighted tape up and down to check the depth of the bore holes. He stated that he primarily did this with his right arm. Finally, he testified that his duties while working for Greenbrier Smokeless Coal Mining did not primarily require the use of his right arm.

Following Mr. Pittman's deposition, the Office of Judges granted Fola Coal Company's motion to add Greenbrier Smokeless Coal Mining as a potential chargeable employer. On April 24, 2013, the Office of Judges reversed the claims administrator's decision and held the claim compensable for osteoarthritis of the shoulder, acromioclavicular joint arthritis, and carpal tunnel syndrome of the right wrist. The Office of Judges also held that Fola Coal Company was the only chargeable employer in this claim and denied its motion to charge Greenbrier Smokeless Coal Mining or its successor for the compensable injury. The Board of Review then reversed the Order of the Office of Judges and reinstated the claims administrator's decision on October 7, 2013, leading Mr. Pittman to appeal.

The Office of Judges concluded that Mr. Pittman suffered osteoarthritis of the shoulder, acromioclavicular joint arthritis, and right wrist carpal tunnel syndrome in the course of and resulting from his employment with Fola Coal Company. The Office of Judges based this determination on Mr. Pittman's deposition testimony. It found that Mr. Pittman's work duties

could have engendered carpal tunnel syndrome and the degenerative changes in his right shoulder. The Office of Judges specifically noted that Mr. Pittman was right handed and his work at Fola Coal Company primarily required the use of his right hand and arm. The Office of Judges also concluded that Fola Coal Company should be the sole chargeable employer because Mr. Pittman's job duties at Greenbrier Smokeless Coal Mining did not involve the constant use of his right arm. The Office of Judges also found that Mr. Pittman's symptoms pre-dated his employment with Greenbrier Smokeless Coal Mining and developed while Mr. Pittman worked for Fola Coal Company.

The Board of Review concluded that the Office of Judges was clearly wrong because Dr. Nelson had found that the cause of Mr. Pittman's conditions was unknown. The Board of Review determined that Dr. Nelson was the only physician in the record who addressed the cause of Mr. Pittman's injuries. The Board of Review found that Dr. Nelson did not indicate that his carpal tunnel syndrome and shoulder arthritis were occupationally related.

The decision of the Board of Review was based on a material mischaracterization of the sufficiency of the evidence in the record. Mr. Pittman has presented sufficient evidence to demonstrate that he developed osteoarthritis of the shoulder, acromioclavicular joint arthritis, and right wrist carpal tunnel syndrome in the course of and resulting from his employment with Fola Coal Company. Mr. Pittman's testimony draws a sufficient causal connection between his work and these conditions. His testimony provided evidence of the type of forceful and repetitive manual movements which have been shown to contribute to carpal tunnel syndrome according to West Virginia Code of State Rules § 85-20-41.5 (2006). His testimony also draws a causal connection between the arthritis in his shoulder and his work. The Office of Judges was within its discretion in finding his current right upper extremity conditions compensable. Dr. Nelson's uncertainty concerning the cause of these conditions was not sufficient for the Board of Review to reverse the Office of Judges' Order. The evidence in the record also supports the Office of Judges conclusion that Fola Coal Company is the only chargeable employer in this claim. Mr. Pittman's employment history connects the development of his current symptoms to his work for Fola Coal Company.

For the foregoing reasons, we find that the decision of the Board of Review is based on a material misstatement or mischaracterization of particular components of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded with instructions to reinstate the April 24, 2013, Order of the Office of Judges.

Reversed and Remanded.

**ISSUED:   December 2, 2014**

**CONCURRED IN BY:**
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin

4